COMMONWEALTH *vs.* DANIEL CAMPBELL. April 30, 1975. The defendant has appealed (G. L. c. 278, §§ 33A-33G) from a conviction under an indictment charging assault (armed) with intent to rob. The only error assigned is the judge's exclusion of a question put to a prosecution witness during cross-examination. The witness had testified that he worked as a bartender three or four days a week at the tavern where the assault occurred. The excluded question — "And is that your sole source of employment?" — was then put to the witness, whereupon the judge asked, "What difference does that make?" When the judge received no reply, he excluded the question. Compare *Commonwealth* v. *McGrath,* 364 Mass. 243, 250-252 (1973). In the context of the examination the relevance, if any, of the information sought to be elicited was not apparent. The time to explain the relevance of such information is at the trial, not on appeal. See *Commonwealth* v. *Richter, ante,* 701 (1975). We note that during the ensuing cross-examination the judge, on receiving objections to three other questions, made the same or a similar inquiry of the defendant's attorney and upon receiving an explanation of the basis for the objection, ruled in the defendant's favor. We note further that the witness was extensively examined and that despite frequent objections by the prosecutor, the judge made no other ruling adverse to the defendant. There was no error, let alone error of constitutional dimension.

*Judgment affirmed.*

The case was submitted on briefs.
*Kenneth D. Weiss* for the defendant.
*Garrett H. Byrne,* District Attorney, for the Commonwealth.